## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charles Samuel Cherry,

               Plaintiff,

v.

Officer Adriana Booker,

               Defendant.

Case No. 22-cv-2012 (JRT/DLM)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Charles Samuel Cherry's failure to respond to several Court Orders requiring the parties to meet and confer and file a joint status update. (Docs. 50, 52, 54 (text-only Orders).) The case has been referred to the undersigned magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons that follow, the Court recommends that this matter be dismissed without prejudice for failure to prosecute.

On March 14, 2024, the Court ordered the parties to provide a joint update by March 28, 2024 (Doc. 50 (text-only Order).) When the Clerk of Court mailed the Court's March 14 Order to Mr. Cherry, the mail was returned as undeliverable. The Court also received notice that Mr. Cherry had been released from custody in November 2023 and was under the supervision of the Hennepin County Department of Community Corrections, which might have caused some confusion as to his mailing address. Defendant Adriana Booker subsequently filed a letter stating that she had made attempts to locate and contact Mr. Cherry to comply with the Court's March 14 Order, but that her attempt to reach him at the

address that Mr. Cherry's release agent had on file was returned as undeliverable. (Doc. 51.) Officer Booker also noted that a second mailing address for Mr. Cherry had not resulted in returned mail, but that, as of her March 28, 2024 letter's date, no reply had been received. (*Id.*) Mr. Cherry did not respond to the Court by the March 28 deadline.

On March 29, the Court sua sponte extended the case's fact and expert discovery deadlines and again directed the parties to file a joint status update no later than May 10, 2024. (Doc. 52 (text-only Order).) On May 7, 2024, Officer Booker filed a letter explaining that she had continued to receive no response from Mr. Cherry, but that mail to his mailing address was not being returned as undeliverable. (Doc. 53.) Mr. Cherry did not respond by the May 10 deadline.

On May 8, 2024, the Court issued an Order for Mr. Cherry to show cause within 45 days of the Order giving his reasons as to why this lawsuit should not be dismissed for his failure to prosecute his case under Federal Rule of Civil Procedure 41(b). (Doc. 54 (text-only Order).) The Court also ordered Defendant to make a final attempt to locate Mr. Cherry and to file a status update. (*Id.*) Officer Booker filed an update on May 16, 2024, and she explained that her investigation of Mr. Cherry's correct address was unsuccessful. (Doc. 55.) Officer Booker noted that Mr. Cherry's release agent did not have an updated address for Mr. Cherry and noted that Plaintiff had failed to appear for his scheduled meeting with that agent. (*Id.*) Additionally, Officer Booker discovered that the address at which Mr. Cherry was alleged to reside appeared to be a residence that he was not lawfully residing at, and from which he was evicted in March 2024. (*Id.*) Mr. Cherry did not file a response to the Court's May 8 Order requiring him to show cause why this lawsuit should

not be dismissed for his failure to prosecute it. Indeed, there is no record of Mr. Cherry communicating with the Court about this action at all since June 2023 when he filed a response to a pending motion. (Doc. 43.)

Accordingly, the Court now recommends dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based on the above, and on all of the files, records, and proceedings in this matter,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Date: August 6, 2024                              *s/Douglas L. Micko*
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).